IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darriel E. R.,[1] | ) Civil Action No.: 1:21-cv-3685-BHH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Kilolo Kijakazi, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

This action is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Darriel E. R.'s ("Plaintiff") claims for disability insurance benefits and supplemental security income. The record includes the report and recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed written objections to the Report, and the Commissioner filed a reply to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

**BACKGROUND**

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on May 7, 2015, alleging disability beginning on March 24, 2015. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"),which was held on November 17, 2016. In a decision dated January 13, 2017, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act, as amended. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

Plaintiff protectively filed second applications for disability insurance benefits and supplemental security income on April 28, 2017. His claims were denied on January 11, 2018, and April 13, 2018.

Meanwhile, on June 1, 2017, Plaintiff appealed the denial of his first applications to this Court. *See* Civil Action No. 1:17-1430-BHH. On March 30, 2018, the Court granted the Commissioner's motion to remand, thereby reversing the Commissioner's first decision under sentence four of 42 U.S.C. § 405(g) and remanding the first case for further proceedings.

After the Court remanded Plaintiff's first case, the hearing office consolidated Plaintiff's two cases, and Plaintiff appeared before an ALJ for a second hearing on March 27, 2019. The ALJ issued a second unfavorable decision on July 9, 2019. The Appeals Council subsequently denied review, making the ALJ's second decision the final decision of the Commissioner for purposes of judicial review. Plaintiff filed the instant action seeking judicial review on November 10, 2021.

**STANDARDS OF REVIEW**

I.     **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

II.    **Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 24, 2015, the alleged onset date.  Next, the ALJ determined that Plaintiff has the following severe combination of impairments: hepatitis; polyarthropathy; osteoarthritis of the left knee; cirrhosis; and depressive disorder.  The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff can perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that he can frequently perform postural activities and can understand, remember, and carry out simple instructions.  The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform.  Accordingly, the ALJ found that Plaintiff has not been under a disability at any time from March 24, 2015, through the date of the decision.  (ECF No. 12-8 at 15-24.)

II.    **The Court's Review**

In this action, Plaintiff raises the following issues: (1) "The ALJ's reliance upon a CDI Report with no notice or opportunity for the claimant to respond was a violation of due process"; and (2) "The ALJ's RFC is not supported by substantial evidence."  (ECF No. 13 at 1.)

In her comprehensive, 67-page Report, the Magistrate Judge thoroughly outlined the medical records and other evidence of record and considered each of Plaintiff's arguments in turn.  First, the Magistrate Judge evaluated Plaintiff's assertion that the ALJ erred by placing undue emphasis on a summary report from the Cooperative Disability Investigations Unit ("CDIU") ("CDIU report") dated December 21, 2017.  The Magistrate Judge thoroughly outlined both the contents of the CDIU Report and Plaintiff's arguments that the ALJ's reliance on the CDIU report violated his due process rights.  After setting forth the applicable law in great detail, and acknowledging that the ALJ *did* place significant emphasis on the CDIU report, the Magistrate Judge ultimately found no due process violation because, *inter alia*: the report was included in the record in accordance with 20 C.F.R. §§ 404.951(b) and 416.1451(b); careful review of the list of case documents (ECF No. 13-1) would have allowed Plaintiff to discover the existence of the CDIU report; the CDIU report was selected, marked, arranged, and included on the list of proposed documents *prior to* the hearing on March 27, 2019, and there is no hardline rule requiring it to appear within a particular time prior to the hearing; although the Commissioner failed

6

to comply with the provision in HALLEX[2] for notifying Plaintiff of the existence of the CDIU report, Plaintiff could not demonstrate prejudice as a result because he would not have been entitled to separate notice of the existence of the CDIU report if it had been entered into the record after his case was transferred to the hearing office, and because the CDIU report was exhibited prior to the hearing, meaning Plaintiff had the opportunity to review the evidence as directed by HALLEX; multiple documents throughout the record provided Plaintiff with constructive notice of the CDUI report, as the report is referenced in records that were exhibited as of November 23, 2018, and which continued to be exhibited as of March 20, 2019; Plaintiff's counsel did not object at the second hearing to the proposed exhibits in the file, which included the CDIU report at exhibit 23F; and counsel failed to address the CDIU report after the hearing despite the fact that the record remained open. (*See generally* ECF No. 17 at 30-50.)  The Magistrate Judge also found the facts of this case distinguishable from *Hinck v. Colvin*, 90 F. Supp. 3d 1221 (D. Kan. 2015), where the Kansas district court found that an ALJ's acceptance of and reliance on a CDIU report without providing notice to plaintiff and an opportunity to be heard constituted a denial of due process.  The Magistrate Judge explained: "[U]nlike the CDIU report in [*Hinck*], the CDIU report in this case was prepared and incorporated into the record prior to the hearing and referenced in exhibits the ALJ noted at the beginning of the hearing."  (ECF No. 17 at 50.)  The Magistrate Judge explained that notice was effectively given because the CDIU report was on file and available for inspection, citing *Richardson v. Perales*, 402 U.S. 389

---

[2] HALLEX stands for the Hearing, Appeals, and Litigation Law Manual, which "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council, and Civil Action levels."  HALLEX § 1-1-0-1.

7

(1971), and *Burgin v. Berryhill*, 2017 WL 4249729, at *7 (W.D. Okla. Sept. 1, 2017).

In his objections to the Magistrate Judge's Report, Plaintiff essentially repeats the arguments he raised in his briefs, asserting that the Commissioner's failure to make the CDIU report a "readily available part of the record, and to specifically notify him of it," violated his due process rights. (ECF No. 18 at 2.) Plaintiff claims that although the facts of this case differ from the facts of *Hinck* and others, the "question of whether due process was afforded to [Plaintiff] depends upon whether he was given *sufficient* notice of the existence and use of the CDIU report." (*Id.* at 3 (emphasis in original).) Ultimately, Plaintiff argues: "As a practical matter, the absence of the report from the record for most of the pendency of the claim, and the failure to notify the claimant of it, had the exact same effect as admitting it to the record after the hearing." (*Id.* at 4.)

After *de novo* review, the Court finds Plaintiff's objection unavailing, as the record before the Court plainly indicates that, unlike the claimant in *Hinck*, the CDIU report was available for Plaintiff to review prior to the hearing. As the Magistrate Judge thoroughly explained in her Report, it was referenced in several records that were exhibited as of November 23, 2018, and a review of those exhibited documents should have reasonably placed Plaintiff on notice of the existence of the CDIU report and its contents. More importantly perhaps, even though the CDIU report was not assigned an exhibit number in November 2018, it was available in Plaintiff's e-folder as evidenced by the information that Plaintiff attached to his brief, which lists "CDIU Investigation Report – ROI; CDI Investigation Report" as the 12th entry in the "F. Medical Records" section with a date of 12/21/17. (ECF No. 13-1.) Furthermore, the CDIU report was marked prior to the hearing and was included among the evidence admitted without counsel's objection; and it was also

8

available for review after the hearing and before the ALJ closed the record, but counsel did not address the CDIU report at that time either.  Ultimately, Plaintiff's objections simply repeat the arguments he raised before the Magistrate Judge, and the Court finds that Plaintiff's objections fail to point to any factual or legal error in the Magistrate Judge's Report that are sufficient to alter the outcome here.  Thus, for the specific reasons set forth by the Magistrate Judge, which are incorporated herein, the Court finds that Plaintiff was not denied procedural due process as a result of the ALJ's reliance on the CDIU report.

Next, in her Report, the Magistrate Judge considered Plaintiff's second argument, namely, that substantial evidence does not support the ALJ's RFC assessment because the evidence does not show how Plaintiff could perform nearly a full range of light work. In considering Plaintiff's argument, the Magistrate Judge outlined Plaintiff's assertions, set forth the applicable law, and thoroughly summarized the ALJ's RFC findings.  After agreeing with Plaintiff "that the brief observations in the CDIU report do not prove that [Plaintiff] can perform light work over the course of an eight-hour workday and 40-hour workweek," the Magistrate Judge explained that the ALJ did not rely solely on the CDIU report in assessing Plaintiff's RFC.  Instead, after reviewing the ALJ's decision, the Magistrate Judge found that the ALJ "appropriately considered the evidence in the CDIU report in combination with Plaintiff's medical providers' observations during exams, the objective test results, and the medical and lay opinions of record in assessing the RFC for light work. . . ." (ECF No. 17 at 61.)  The Magistrate Judge also found: that the ALJ did not err in citing evidence in the CDIU report as being in contrast to Plaintiff's statements and the statements of his wife and Ms. Carolina; that the ALJ did not reject medical opinions supporting additional restrictions based solely on their inconsistency with the CDIU report;

9

and that the ALJ adequately accounted for Plaintiff's moderate limitations in understanding, remembering, and applying information and concentrating, persisting, or maintaining pace through the provision in the RFC assessment for understanding, remembering, and carrying out simple instructions. (*See generally* ECF No. 17 at 51-66.)

In his objections, Plaintiff again repeats his argument that the ALJ used the CDIU report to counter nearly all of the other evidence of disability, and Plaintiff asserts that the Magistrate Judge "compounds the ALJ's errrors." (ECF No. 18 at 5.) Plaintiff admits that the ALJ cited to recent medical evidence, but asserts that the more recent evidence does not reflect the earlier records from the acute phase of Plaintiff's illness in 2015 and 2016. Plaintiff objects: "Nothing in the CDIU report contradicts this medical evidence. The ALJ gives no explanation or contradictory evidence to show that Mr. Rogers could have done full time work when he was repeatedly hospitalized for liver failure." (*Id.* at 6.)

As an initial matter, the Court notes that Plaintiff did not challenge the ALJ's consideration of Plaintiff's liver impairments at any time prior to his objections, and Plaintiff's prior arguments all pertain to the ALJ's evaluation of Plaintiff's mental impairments. It is not proper to introduce new arguments in objections to the Magistrate Judge's Report; nevertheless, the Court finds no merit to Plaintiff's objections. As the Magistrate Judge thoroughly and cogently explained, it is clear from a review of the ALJ's decision that the ALJ did not rely solely on the CDIU report in assessing Plaintiff's RFC; rather, the ALJ considered the CDIU report in combination with the medical and other evidence of record, discussing in depth the testimony from the hearing, the medical evidence, the consultative findings and opinions, and third party statements, among other evidence. (ECF No. 12-8 at 18-23.) After review, therefore, the Court agrees with the

Magistrate Judge, for the specific reasons set forth in the Report, which are incorporated herein, that the ALJ properly considered all of the evidence and sufficiently explained the weight given to the evidence, thereby building a logical bridge from the evidence to Plaintiff's RFC assessment.  Thus, the Court finds that substantial evidence supports the ALJ's RFC assessment.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and carefully applied the correct principles of law. Accordingly, the Court adopts and incorporates herein by specific reference the Magistrate Judge's Report (ECF No. 17); the Court overrules Plaintiff's objections (ECF No. 18); and the Court affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 8, 2023
Charleston, South Carolina